Ahren A. Tiller (SBN 250608)
BLC Law Center, APC
1230 Columbia St. Ste. 1100
San Diego, CA 92101
Phone: (619) 894-8831
Facsimile: (866) 444-7026
Email: ahren.tiller@blc-sd.com

Attorneys for Plaintiff
THE LAW OFFICE OF
ILONA ANTONYAN, APC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LAW OFFICE OF ILONA ANTONYAN, APC, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Corporation,<br><br>Defendant. | Case No.: '23CV0443 BEN MDD<br><br>COMPLAINT FOR VIOLATION OF:<br>(1) CAL. CIV. CODE § 1793.2 (D) (SONG BEVERLY CONSUMER WARRANTY ACT);<br>(2) VIOLATION OF CAL. CIV. CODE § 1793.2 (B) (SONG BEVERLY CONSUMER WARRANTY ACT);<br>(3) VIOLATION OF CAL. CIV. CODE § 1793.2 (A)(3) (SONG BEVERLY CONSUMER WARRANTY ACT);<br>(4) VIOLATION OF CAL CIV. CODE § 1791.2(A) & § 1794 (SONG BEVERLY CONSUMER WARRANTY ACT);<br>(5) VIOLATION OF CAL CIV. CODE § 1791.1 & § 1794 (SONG BEVERLY CONSUMER WARRANTY ACT);<br>(6) VIOLATIONS OF 15 U.S.C. §§ 2301(6) AND 2310(D)(1) AND (2) (MAGNUSON-MOSS WARRANTY ACT); AND<br>(7) VIOLATIONS OF 15 U.S.C. §§ 2301(7) AND 2310(D)(1) AND (2) (MAGNUSON-MOSS WARRANTY ACT)<br><br>JURY TRIAL DEMANDED |

# COMPLAINT FOR DAMAGES

## INTRODUCTION

1. THE LAW OFFICE OF ILONA ANTONYAN, APC (hereinafter referred to as "Plaintiff"), by and through its Counsel of record, brings this action against JAGUAR LAND ROVER NORTH AMERICA, LLC (hereinafter referred to as "Defendant" or "JLR") pertaining to actions by Defendant in violation of California's Song Beverly Consumer Warranty Act, and in violation of the Federal Magnuson-Moss Warranty Act.

2. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding itself, which are made on personal knowledge.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's claims against Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question of law under Title 15 U.S.C. § 2301 *et. seq.* ("Magnuson-Moss Warranty Act").

4. This action is based in part on Defendant's violations of 15 U.S.C. §2301 *et. seq.,* therefore this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all of Plaintiff's other California claims, because said claims are so related to the federal claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff's principal place of business is in San Diego County, California.

## PARTIES

6. Plaintiff is, and was at all times mentioned herein, a domestic corporation created under the laws of the State of California, with its principal place of business in San Diego, California, in the County of San Diego.
7. Plaintiff is a "buyer" of consumer goods under Cal. Civ. C. § 1791(b).
8. Plaintiff has only one vehicle registered in the State of California, which is the subject vehicle that is less than 10,000 pounds, and is therefore a "consumer" as that term is defined by 15 U.S.C. § 2301(3), and a purchaser of a "new motor vehicle" as that term is defined by Cal. Civ. C. § 1793.22(e)(2). *See also Park City Services, Inc. v. Ford Motor Co., Inc.,* 144 Cal. App. 4th 295, 306 (2006).
9. JLR is a foreign Corporation created under the laws of the State of Delaware. JLR is a multinational automaker that has its main headquarters in Mahwah, New Jersey. JLR's primary business purpose is the manufacture and sale of automobiles.
10. Defendant is a "manufacturer" and/or a "distributor" as that term is defined under the Song-Beverly Act.
11. Defendant is an entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.
12. Defendant is a "Supplier" and a "Warrantor" as that term is defined under 15 U.S.C. §§ 2301(4), and (5).

## GENERAL ALLEGATIONS

13. Plaintiff incorporates by reference and realleges Paragraphs 1-12 above as if fully stated herein.
14. The claims identified in this Complaint arise out of the purchase and sale of a vehicle from Land Rover San Diego Jaguar San Diego, located in San Diego, in the County of San Diego, State of California, as well as the failure to repair said vehicle by Defendant.

15. On or about November 24, 2019, Plaintiff purchased a 2020 Land Rover Velar SVA with Vehicle Identification Number ("VIN") SALYU2EE7LA257008 (the "Vehicle") which was manufactured, distributed, or sold by Defendant. The total consideration Plaintiff paid or agreed to pay, including taxes and fees was $110,733.42.

16. The Vehicle was manufactured by JLR, and JLR provided an express warranty in connection with the sale of the Vehicle.  In the express warranty, JLR undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there was a failure in utility or performance for a specified period of time.  The express warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to an authorized dealership, and the Vehicle would be repaired by JLR or one of its designated agents.

17. The Vehicle was purchased and used primarily for personal, family, or household purposes.  Further, the gross weight of the Vehicle was under 10,000 pounds and also used for business purposes by the Plaintiff corporation.  Plaintiff does not have more than five motor vehicles registered in this state. See Cal. Civ. C. § 1793.22(e)(2).

18. On or before May 6, 2020, with approximately 1,466 miles, and during the warranty period, the Vehicle contained or developed various defects indicating that the Vehicle was sold with a defective vehicle braking system, causing the Vehicle to emit loud and consistent squealing, squeaking, and/or grinding noises under all ranges of braking load and in all driving conditions. Therefore, Plaintiff does not feel it can safely rely on the Vehicle for operation.

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## VIOLATION OF CAL. CIV. CODE § 1793.2(d)

### (SONG BEVERLY CONSUMER WARRANTY ACT)

19. Plaintiff incorporates paragraph 1-18 by reference as though fully set forth herein.

20. Defendant and their representatives have been unable to service or repair the Vehicle to conform to the applicable express warranty after a reasonable number of opportunities.

21. Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Cal. Civ. Code § 1793.2(d) and Cal. Civ. Code §1793.1(a)(2).

22. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Cal. Civ. Code § 1793.2(d) and Cal. Civ. Code §1793.1(a)(2), and brings this cause of action pursuant to Cal. Civ. Code § 1794.

23. Defendant's failure to comply with their obligations under Cal. Civ. Code § 1793.2(d) were willful in that Defendant and its representatives were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts. Despite this, Defendant failed and/or refused to actually fully replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

24. Plaintiff seeks civil penalties pursuant to Cal. Civ. Code §§ 1794(c) and (e) in the alternative and does not seek to cumulate civil penalties as provided in Cal. Civ. Code § 1794(f).

# II.

# SECOND CAUSE OF ACTION

# VIOLATION OF CAL. CIV. CODE § 1793.2(b)

(SONG BEVERLY CONSUMER WARRANTY ACT)

25. Plaintiff incorporates paragraph 1-24 by reference as though fully set forth herein.

26. Although Plaintiff presented the Vehicle to Defendant's designated repair facility for service and repair, Defendant failed to commence the service or repairs within a reasonable time period, and failed to service or repair the Vehicle so as to conform to the applicable warranty within 30 days, pursuant to Cal. Civ. Code § 1793.2(b).

27. At no time did Plaintiff extend the time for completion of repairs beyond the 30-day requirement.

28. Plaintiff has been damaged by Defendant's failure to comply with their obligations pursuant to Cal. Civ. Code §1793.2(b), and thus Plaintiff has a statutory cause of action against Defendant pursuant to Cal. Civ. Code § 1794.

29. Accordingly, Plaintiff seeks the remedies provided in Cal. Civ. Code § 1794(b)(1), or alternatively, those set forth in Cal. Civ. Code § 1794(b)(2), including the diminution in the value of the Vehicle resulting from its defects.

30. Defendant's failure to comply with their obligation under Cal. Civ. Code §1793.2(b) was willful, in that Defendant and their representatives were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

## III.

## THIRD CAUSE OF ACTION

## VIOLATION OF CAL. CIV. CODE § 1793.2(a)(3)

### (SONG BEVERLY CONSUMER WARRANTY ACT)

31. Plaintiff incorporates paragraph 1-30 by reference as though fully set forth herein.

32. Defendant failed to make available to the authorized service and repair facilities, sufficient service literature and replacement parts to effect repairs during the express warranty period.

33. Plaintiff has been damaged by JLR's failure to comply with its obligations pursuant to Cal. Civ. Code §1793.2(a)(3), and therefore brings this cause of action pursuant to Cal. Civ. Code § 1794.

34. Defendant's failure to comply with its obligations under Cal. Civ. Code § 1793.2(a)(3) was willful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow their designated repair facility, or other authorized repair facilities, to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

## IV.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CAL CIV. CODE §§ 1791.2(a) & 1794

### (SONG BEVERLY CONSUMER WARRANTY ACT)

35. Plaintiff incorporates paragraph 1-34 by reference as though fully set forth herein.

36. In accordance with JLR's express warranty, Plaintiff delivered the Vehicle to JLR's designated repair facility in reasonable time, which was JLR's

authorized representative in this state to perform said warranty repairs on the Vehicle.

37. Each time Plaintiff delivered the Vehicle to the JLR designated repair facility, Plaintiff notified Defendant by and through their representatives of the characteristics of the defects. Despite this, Defendant by and through its authorized designated repair facility failed to repair the Vehicle, thus breaching the terms of the written warranty on each occasion.

38. Plaintiff has been damaged by Defendant's failure to comply with their obligations under the express warranty, and therefore brings this cause of action pursuant to Cal. Civ. Code § 1794.

39. Defendant's failure to comply with their obligations under the express warranty were willful, in that Defendant was aware that they were obligated to repair the defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

## V.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CAL CIV. CODE § 1791.1 & § 1794

(SONG BEVERLY CONSUMER WARRANTY ACT)

40. Plaintiff incorporates paragraph 1-39 by reference as though fully set forth herein.

41. Pursuant to Cal. Civ. Code § 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Cal Civ. Code §1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one year.

42. Pursuant to Cal. Civ. Code § 1791.1(a), the implied warranty of

merchantability means and includes that the Vehicle would comply with each of the following requirements: (1) The Vehicle would pass without objection in the trade under the contract description; (2) the Vehicle was fit for the ordinary purpose for which it was sold or used; (3) The Vehicle was adequately contained, packaged, and labeled; (4) The Vehicle would conform to the premises or affirmations of fact made on the container or label.

43. At the time of purchase, or within one year thereafter, the Vehicle contained or developed the defects described within this Complaint.  The existence of each of these defects constitutes a breach of the implied warranty, because the Vehicle (1) did not pass without objection in the trade under the contract description; (2) was not fit for the ordinary purpose for which it was sold or used; (3) was not adequately contained, packaged, or labeled; and (4) did not conform to the promises or affirmations of fact made on the container or label.

44. Plaintiff has been damaged by Defendant's failure to comply with their obligations under the implied warranty, and therefore bring this Cause of Action pursuant to Cal. Civ. Code § 1794.

## VI.
## SIXTH CAUSE OF ACTION
### VIOLATIONS OF 15 U.S.C. §§ 2301(6) and 2310(d)(1) and (2)
(MAGNUSON-MOSS WARRANTY ACT)

45.  Plaintiff incorporates paragraph 1-44 by reference as though fully set forth herein.

46.  The Vehicle is a "Consumer Product" as defined in 15 U.S.C. § 2301(1).

47.  The express written warranty provided by Defendant is a "Written Warranty" as defined by 15 U.S.C. § 2301(6).

48.  On approximately seven (7) separate occasions, Plaintiff brought the Vehicle

into Defendant's authorized dealership and/or agent of JLR designated to perform repairs on the Vehicle under the express warranty, however Defendant failed to repair the Vehicle.

49. The above-described actions (failure to repair and/or properly repair the defects described herein), including failure to honor the written warranty, constitute a breach of the written warranty by Defendant under 15 U.S.C. §§ 2310(d)(1)&(2).

50. As a direct result of the omissions by Defendant, Plaintiff suffered monetary damages.

## VII.
## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF 15 U.S.C. § 2301(7) & 15 U.S.C. §§ 2310(d)(1) & (2)
### (MAGNUSON-MOSS WARRANTY ACT)

51. Plaintiff incorporates paragraph 1-50 by reference as though fully set forth herein.

52. The Vehicle is a "Consumer Product" as defined in 15 U.S.C. § 2301(1).

53. On approximately seven (7) separate occasions, Plaintiff brought the Vehicle into an authorized dealership and/or agent of Defendant designated to perform repairs on vehicles under the express warranty.

54. The Vehicle was subject to an "implied warranty" as that term is defined in 15 U.S.C. § 2301(7) pursuant to Cal. Civ. Code § 1791.1, the Vehicle was subject to an implied warranty of merchantability.

55. The above-described actions (failure to repair and/or properly repair the defects described herein), constitute a breach of the implied warranty of merchantability pursuant to 15 U.S.C. §§2301(7) and (8).

56. The above-described actions (failure to repair and/or properly repair the defects described herein), including failure to honor the implied warranty of

merchantability, make JLR liable to Plaintiff under 15 U.S.C. §§ 2310(d)(1) and (2).

57. As a direct result of the omissions by Defendants, Plaintiff suffered monetary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant, Jaguar Land Rover North America, LLC herein, respectfully request this Court enter a Judgment against Defendant as follows:

(1) AS TO THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION:

a. Plaintiff is entitled to reimbursement of the price paid for the Vehicle;

b. Plaintiff is additionally entitled to all incidental, consequential, and general damages subject to proof at trial resulting from Defendant's failure to comply with their obligations under the Song-Beverly Act;

c. Plaintiff is additionally entitled to a sum equal to the aggregate amount of costs and expenses, including attorney's fees reasonably incurred in connection with the commencement and prosecution of this action, pursuant to the Song-Beverly Act; and

d. Plaintiff is additionally entitled to a civil penalty of to two times the amount of actual damages as Defendants have willfully failed to comply with their obligations under the Song-Beverly Act.

(2) AS TO THE SIXTH AND SEVENTH CAUSES OF ACTION:

a. A determination that acceptance of the Vehicle has been properly revoked by Plaintiff and for damages incurred in revoking acceptance;

b. A refund of the purchase price paid by Plaintiff for the Vehicle;

c. Cancellation of Plaintiff's Original Purchase Agreement and payment in full

of the balance of same;

d. Consequential, incidental, and actual damages subject to proof at trial; and

e. Costs and expenses including actual attorneys' fees and costs reasonably incurred.

(3) AS TO ANY JUDGMENT ENTERED HEREON

a. For prejudgment and post judgment interest on all amounts awarded; and

b. For such other and further relief as the Court may deem just and proper.

Dated: March 8, 2023                    BLC LAW CENTER, APC

                                        By: /s/ Ahren Tiller
                                        Ahren A. Tiller, Esq.
                                        Ahren.tiller@blc-sd.com
                                        Attorney for Plaintiff
                                        THE LAW OFFICE OF ILONA
                                        ANTONYAN, APC

# DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by a jury.

Dated:  March 8, 2023                    BLC Law Center, APC


                                         By:   /s/Ahren Tiller
                                         Ahren A. Tiller, Esq.
                                         ahren.tiller@blc-sd.com
                                         Attorney for Plaintiff
                                         THE LAW OFFICE OF ILONA
                                           ANTONYAN, APC